# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## OCTOBER 1998 SESSION



**FILED**

November 23, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| JAMES CHARLES HUNT, | ) | |
| | ) | C.C.A. NO. 02C01-9805-CC-00150 |
| Appellant, | ) | |
| | ) | **CROCKETT COUNTY** |
| VS. | ) | |
| | ) | **HON. DICK JERMAN, JR.,** |
| STATE OF TENNESSEE, | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**MICHAEL V. THOMPSON**          **JOHN KNOX WALKUP**
2505 Hillsboro Rd, Suite 201          Attorney General & Reporter
Nashville, TN 37212

                                    **PETER M. COUGHLAN**
                                    Asst. Attorney General
                                    John Sevier Bldg.
                                    425 Fifth Ave., North
                                    Nashville, TN 37243-0493

                                    **CLAYBURN L. PEEPLES**
                                    District Attorney General

                                    **EDWARD L. HARDISTER**
                                    Asst. District Attorney General
                                    110 College St., Suite 200
                                    Trenton, TN 38382

OPINION FILED:_____


**AFFIRMED**


**JOHN H. PEAY,**
Judge

# **O P I N I O N**

The petitioner was charged in the indictment with first-degree murder, felony murder, especially aggravated robbery, and especially aggravated burglary. On February 4, 1991, he pled guilty to first-degree murder and especially aggravated robbery and received life plus a concurrent twenty-five year sentence as a Range I standard offender. On February 2, 1994, the petitioner filed his petition for post-conviction relief. The petition was initially dismissed for failure to prosecute, but upon motion, the petition was reinstated and an amended petition was filed.

In the amended petition, and later at the hearing, the petitioner argued his defense attorney, Mark Fowler, was ineffective by allowing him to waive his right to a preliminary hearing and failing to pursue a motion to suppress a confession when the petitioner insisted he was coerced, beaten, and deprived of food and water until he signed an incriminating statement. The petitioner also argued Mr. Fowler failed to treat this potential death penalty case seriously, as evidenced by the small amount of time (6.9 hours) he spent with him during his representation and his failure to immediately request co-counsel. The petitioner suggested that due to other pending cases and personal concerns, Mr. Fowler did not have adequate time to effectively handle this serious case. The trial court discredited the petitioner's position, found that Mr. Fowler's representation was not deficient, and denied the petition for relief.

In reviewing the petitioner's Sixth Amendment claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by Mr. Fowler were within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). The petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and that this performance prejudiced the defense, that is, there must be a reasonable probability that but for counsel's error the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 692, 694 (1984); Best v. State, 708 S.W.2d 421, 422 (Tenn. Crim. App. 1985). To satisfy the requirement of prejudice,

2

he must demonstrate a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); Bankston v. State, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991).

Here, even assuming that the evidence preponderates against the trial court's finding that Mr. Fowler's representation fell below the range of competence demanded of attorneys in criminal cases, the petitioner has failed to show prejudice. Most of the petitioner's brief is dedicated to emphasizing how little time his attorney spent on his case. In the meantime, however, the petitioner fails to show, for instance, that but for his counsel's performance, his inculpatory statement to authorities would have been suppressed, or that he would have proceeded to trial, or that the outcome of the proceedings would have been different. In fact, because the record is devoid of any evidence suggesting that the State would have been unable to prove aggravating factors warranting the death penalty, it appears likely to us that had the petitioner proceeded to trial he might not have received as favorable a sentence as he did by pleading guilty. In short, without any showing of prejudice, the petitioner's claims must fail. The trial court's denial of post-conviction relief is affirmed.

_____
JOHN H PEAY, Judge

CONCUR:


_____
DAVID G HAYES, Judge


_____
L. T. LAFFERTY, Senior Judge